IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHANELLE JONES; and LYLE HARRIS, | ) ) ) ) 2:23-cv-01634 |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| STATE FARM INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Defendant State Farm Insurance Company filed a notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446 for a case involving failure to pay for certain repairs to a motor vehicle. In its notice, State Farm asserts federal diversity jurisdiction under 28 U.S.C. § 1332. While Plaintiffs haven't filed a motion to remand, this Court has an independent duty to assess whether jurisdiction exists. If the Court finds that it lacks subject matter jurisdiction, it may remand a removal case *sua sponte*. *Papa v. Coraopolis Borough*, No. 20-CV-1585-NR, 2020 WL 7424979, at *1 (W.D. Pa. Dec. 18, 2020) (Ranjan, J.) (citing *Doe v. Blair*, 819 F.3d 64, 66–67 (4th Cir. 2016) ("Under this statutory scheme, a district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time[.]")).

After careful review of the removal notice and the allegations in the complaint, the Court finds that it lacks subject matter jurisdiction because the amount in controversy is indisputably less than $75,000.

State Farm alleges that Plaintiffs' damages exceed $100,000. ECF 1, 2. The complaint, though, doesn't support that.

As expressly pled in the complaint, Plaintiffs seek damages "within the

arbitration limits for Allegheny County." ECF 1-2, 8-9.  Pursuant to Allegheny County Local Rule 1301(1)(a) (as amended January 11, 2022), the jurisdictional limit in state-court arbitration is $50,000.  State Farm tries to get around this by pointing out that the complaint seeks statutory and punitive damages, as well as economic and non-economic damages.  But the complaint expressly pleads that all of those damages are *included within* the self-imposed $50,000 cap.  *See* ECF 1-2, at p. 8 (seeking damages "within the arbitration limits for Allegheny County, *to include* both economic and non-economic compensatory damages to include emotional damages, humiliation, embarrassment, pain and suffering, and loss of enjoyment of life, as well as punitive damages, attorney's fees, and cost of suit.") (emphasis added).  By Plaintiffs expressly limiting their claims for damages to an amount within the Allegheny County arbitration limit, State Farm cannot meet the amount-in-controversy threshold.  *See Scaife v. CSX Transportation, Inc.*, No. 3:19-CV-60, 2019 WL 3353727, at *7 (W.D. Pa. July 25, 2019) (Gibson, J.) (granting motion to remand and finding that defendant had not shown the amount in controversy exceeded $75,000 when plaintiffs claimed damages within the Bedford County arbitration limit of $25,000)).

State Farm also argues that the $50,000 limit in arbitration is "per plaintiff" and because there are two plaintiffs, they may recover a total of $100,000.  ECF 1, 2.  That is irrelevant. Where there are two plaintiffs, each plaintiff must independently meet the $75,000 amount —the claims cannot be aggregated.  *Robinson v. Coach Leasing, Inc.*, No. 20-CV-126, 2020 WL 6324421, at *2 (W.D. Pa. Oct. 28, 2020) (Ranjan, J.).

Because Defendant cannot establish that the amount at issue here exceeds $75,000, the Court finds that it lacks jurisdiction.

**AND NOW**, this 14th day of September, 2023, **IT IS HEREBY ORDERED** that the Court **REMANDS** this case **FORTHWITH** to the Court of Common Pleas of

Allegheny County.  The Clerk of this Court shall mark this case as **CLOSED**.

BY THE COURT:


<u>/s/ J. Nicholas Ranjan</u>
United States District Judge